| KOSTELKA, J.
Plaintiff, John Davis Colquitt (“Col-quitt”), filed a discrimination suit against the Town of Homer and Homer Memorial Hospital (collectively, “Homer”), Larry Jordan (“Jordan”), the hospital administrator, and St. Paul Fire and Marine Insurance Co. (“St.Paul”). After the trial court granted a motion for summary judgment in favor of Homer and Jordan, this appeal ensued. We affirm.
FACTS
On July 30,1999, Colquitt filed a petition for damages alleging that when he went to Homer Memorial Hospital on July 27, 1999, nurses would not let him see a doctor in order to have a disability form filled out. Alleging discrimination, Colquitt sought $100,000 in damages against Homer and Jordan.
On September 13,1999, Colquitt amended his petition, making essentially the same allegations, but including as a defendant the Town of Homer, as owner of the hospital. Colquitt also alleged that the *819 basis of the discrimination was his race and disability under the Americans with Disabilities Act.[1]
Homer and Jordan filed a motion for summary judgment on October 15, 1999. In support of this motion, Homer included the affidavit of Jordan which stated that the hospital had a policy of not allowing individuals to see physicians on the premises unless they had been referred to the hospital by a physician and admitted, or admitted to the hospital through the emergency room. Jordan stated that this policy was applied “across the board” and was not intended to discriminate against any individual due to race, religion, disability, or any other reason. The affidavit also averred that Colquitt was not allowed to see a physician on the premises due to the fact that he had not been admitted to the hospital by a doctor, nor had he been treated at the emergency room for an emergency health [ ^condition. Moreover, Jordan stated that the refusal to allow Colquitt to see a physician was standard procedure and not an act of discrimination on the basis of his race or any alleged disability.
Colquitt filed no pleadings in response to the motion for summary judgment. Nevertheless, he appeared in proper person at the summary judgment hearing on December 13, 1999, and argued that Jordan perjured himself in his affidavit. He also stated that because he told the receptionist at the hospital, when asked if he had a medical condition, that he was taking “psychotic medication” and had seizures, he should have received “a screening examination.” Colquitt never argued nor offered any evidence that he went to the hospital for any purpose other than to have the form filled out by a doctor.[2] At the conclusion of Colquitt’s argument, the trial court thanked him and granted the summary judgment, noting that Colquitt’s petition did not allege he was seeking emergency medical attention at the hospital. The court signed a final judgment on December 13,1999.[3]
DISCUSSION
Under the provisions of Article 966 of the Louisiana Code of Civil Procedure, the plaintiff or defendant in the principal or incidental accident, with or without supporting affidavits, may move for summary judgment in his favor for all or part of the relief for which he has prayed. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. The pburden of proof remains with the movant; however, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact.
When a motion for summary judgment is made and supported, as provided by *820 procedural law, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided by procedural law, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967.
In this case, Homer and Jordan would not have borne the burden of proof at trial on the issue before the court in the motion for summary judgment. Furthermore, Homer convincingly pointed out to the court that there was an absence of factual support for Colquitt’s claim of discrimination. In particular, the affidavit of Jordan showed that the refusal of the hospital to allow Colquitt to see a doctor was done in accordance with hospital policy that was applied “across the board” rather than for discriminatory purpose based on race or disability. At this point, the burden of going forward shifted to Colquitt to produce factual support sufficient to establish that he would be able to satisfy his eviden-tiary burden of proof at trial. However, Colquitt produced no factual support whatsoever, including the issue of his claims for emergency medical treatment. Fleming v. HCA Health Services of Louisiana, Inc., 96-1968 (La.04/08/97), 691 So.2d 1216. |4Colquitt could not rest on the mere allegations or denials of his pleadings but was required to respond by affidavits or as otherwise provided by procedural law and set forth specific facts showing that there was a genuine issue for trial. Because he failed to do so, summary judgment was appropriately rendered against him.
CONCLUSION
For the reasons set forth above, the trial court’s summary judgment is. affirmed at Colquitt’s costs.
AFFIRMED.

. On October 28, 1999, Colquitt filed yet another petition for damages under the same suit number naming St. Paul as a defendant and alleging that the insurance company was liable for the damages Colquitt sought from Homer.

. In his appeal brief, Colquitt again states that he went to the hospital only to have a form "1172” completed by a doctor.

.Apparently, the trial court designated the judgment as a final judgment because St. Paul was not a party to the summary judgment and had not answered the lawsuit. Although this designation was proper, considering that the judgment dismissed Homer and Jordan from the lawsuit, such a designation is no longer required under the current provisions of La. C.C.P. art. 1915(A).